815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
Lelia Dunbar ASHMORE, (Widow of Volney Dunbar), Respondent.
 No. 86-3779.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The Director, Office of Workers' Compensation Programs appeals from an award of attorney fees to the claimant in this Black Lung Benefits action. The Director now moves for summary reversal of the Benefits Review Board's award of the attorney fees incurred after the claim was referred to the Department of Labor. The claimant has informed this Court that she will not respond.
 
 
 2
 The Director argues that this appeal is controlled by an intervening decision of this Court, Director, Office of Workers' Compensation Programs v. Poyner, 810 F.2d 99 (6th Cir.1987). In Poyner, as in the present action, the black lung claimant appealed an agency decision denying benefits. In both cases the Department of Labor subsequently awarded benefits, and attorney fees were assessed against the Black Lung Disability Trust Fund for legal work performed after the cases were referred to the Labor Department. The Director then appealed the Benefits Review Board's decisions upholding the awards.
 
 
 3
 The issue in Poyner, as in the instant appeal, is whether the Trust Fund is liable for attorney fees incurred during the pendency of a claim before the Department of Labor where a preliminary finding of non-liability has been made.
 
 
 4
 The Secretary of Labor has provided that attorney fees may be assessed from thirty (30) days after the coal mine operator or the Trust Fund receives notice of liability. 20 C.F.R. 725.367(a); see also, Director, Office of Workers' Compensation Programs v. Bivens, 757 F.2d 781 (6th Cir.1985) (holding that the Secretary had authority to trigger the thirty (30) day period by notice of liability rather than by mere notice of a claim). Poyner held that because the agency transfer of the denied claim to the Department of Labor did not constitute notice of liability, the Trust Fund is not liable for the assessed attorney fees. Poyner, 810 F.2d at 102.
 
 
 5
 Upon examination of the record, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a)(2). The issue being authoritatively decided,
 
 
 6
 It is ORDERED that the motion for summary reversal of the awarded attorney fees be granted. 6th Cir. Rule 9(b)(2).